

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2 6 MAR 2010

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JIMMY SMITH and ANTHONY PALUMBO, suing on behalf of themselves and all others similarly situated,

                  Plaintiffs,

-v-

THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES and COMMISSIONER BRIAN FISCHER,

                  Defendants.

ORDER
08 cv 7090 (GBD)(RLE)

GEORGE B. DANIELS, District Judge:

    Plaintiffs Jimmy Smith and Anthony Palumbo brought this action against the New York State Department of Correctional Services ("DOCS")[1] and Commissioner Brian Fischer alleging violations of the Eighth Amendment related to their treatment as heart attack victims, or cardiac patients. Plaintiffs allege that, as cardiac patients, their treatment and conditions of confinement have been substandard. Specifically, Plaintiffs allege that their rights have been violated because they: 1) must wear shackles, waist chains, and handcuffs during transportation for hospital visits ("transportation claim"); 2) are denied access to ice and fans during hot weather ("ice claim"); 3) do not receive required cardiac-specific diet ("diet claim"); and 4) are forced to access certain areas of the correctional facility only by climbing stairs ("stairs claim"). Plaintiffs seek injunctive relief, and ask this Court to order that Defendants must provide diet and exercise counseling.

    Plaintiffs filed a motion for class certification. Defendants filed a Cross Motion for Summary Judgment. This Court referred the matter to Magistrate Judge Ronald L. Ellis for a

---

[1] Plaintiffs conceded their lawsuit against DOCS, therefore, the only remaining Defendant in this lawsuit is Commissioner Fischer.

Report and Recommendation. Magistrate Judge Ellis issued a Report and Recommendation ("Report") recommending that the Plaintiffs' Motion to Certify Class be denied, and Defendant's Motion for Summary Judgment be granted, except as to Smith's transportation claim based on van trips. The Report also recommends that Palumbo's transportation claims based on van trips be dismissed as moot, since he was subsequently transferred to a different facility.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to a report, the Court must make a de novo determination of those portions of the report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a report are made, the Court may adopt the report if there is no clear error on the face of the record. Adee Motor Cars, LLC v. Amato, 388 F. Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiffs filed timely objections to the Report arguing that the facts indisputably weigh in their favor and that they met their pleading standard. This Court has

examined the objections and finds them to be without merit, except for Plaintiffs' objection regarding Palumbo's transportation claim based on van trips. As to that claim, Magistrate Judge Ellis found that the claim was moot because he has been transferred out of Woodbourne Correctional Facility. In their objections, Plaintiffs contend that Palumbo was transferred back to Woodbourne Correctional Facility – the facility he originally complains of in the complaint. If this is in fact the case, Palumbo's transportation claim based on van trips is not moot.

Defendants argue that Plaintiffs have failed to exhaust their administrative remedies on their ice and exercise claims. Plaintiffs concede that they failed to exhaust their administrative remedies on their ice and exercise claims. Therefore, Magistrate Judge Ellis correctly determined that those claims should be dismissed.

Defendants also contend that the Eleventh Amendment bars all of Plaintiff's claims. Magistrate Judge Ellis properly determined that the Eleventh Amendment does not bar claims for declaratory and injunctive relief against individual state defendants acting in their official capacity. Since Plaintiffs seek only prospective relief against Commissioner Fischer acting in his official capacity, the Eleventh Amendment is inapplicable.

Defendants also contend that Plaintiffs do not have standing to bring any of their claims in this action. Magistrate Judge Ellis correctly determined that Plaintiffs lack standing to bring their transportation claim based on hub trips[2], because they have "no-hub" permits which

---

[2] "Hub trips" is the name given to the transport of DOCS prisoners from several correctional facilities to a common destination. In a "hub trip," prisoners are picked up from different facilities and placed in a single vehicle where they are then transported to their common destination. The prisoners then wait until each person has completed their appointment and then each prisoner is returned to their respective facilities. See Def. Statement Pursuant to Local Rule Rule 56.1 at ¶ 21.

exempts them from hub trips, and they have not provided facts indicating that their permits are not being honored. Magistrate Judge Ellis correctly determined that Smith has standing, however, to bring his transportation claims based on van trips. Smith has proffered facts and evidence through his deposition that he is still suffering harm from the restraints applied during his van trips. As to their stairs claim, Magistrate Judge Ellis properly determined that Plaintiffs do not have standing to raise this claim since they failed to show any facts or evidence than an injury has occurred.

As to Smith's transportation claim based on van trips, Magistrate Judge Ellis correctly determined that Smith may have suffered from a sufficiently serious deprivation of care and that reasonable minds could differ as to whether Commissioner Fischer has acted, and is acting, with callous indifference. Since there is a factual dispute about Smith's van trips, this claim is not dismissed.

Plaintiffs diet claims are dismissed. Magistrate Judge Ellis properly determined that Plaintiffs failed to adduce facts or evidence showing that a genuine issue of material fact exists as to their diets. Plaintiffs fail to show that their current diets are affecting their health or causing their health to deteriorate. As Magistrate Judge Ellis notes, DOCS has offered both Smith and Palumbo a therapeutic diet.

Lastly, Plaintiffs' Motion to Certify Class on Smith's remaining transportation claims based on van trips, is denied. Smith fails to show commonality between his claim and that of the proposed class. Smith fails to provide evidence or facts that other DOCS heart attack survivors

4

have not been provided with reasonable accommodation for van trips. Magistrate Judge Ellis therefore correctly recommended that Plaintiffs' Motion to Certify Class is denied.

Accordingly, the Court adopts the Report's recommendation, except that portion that recommends dismissal of Palumbo's transportation claim based on van trips.

Dated: New York, New York
March 26, 2010

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge